33534, 33559. WOOD *v.* JOHNSON; and *vice versa.*

DECIDED MAY 25, 1951.

*D. B. Phillips*, for plaintiff.

*Newell Edenfield*, for defendant.

SUTTON, C. J.  W. D. Wood sued Erik A. Johnson on an account for hauling materials and doing tractor work for the defendant, who was a landscape contractor.  An itemized statement of the account, running from May 8, 1948, to September 21, 1949, showing charges of $11,768.55 and credits of $9530.50, was attached to the petition, the suit being for the difference with interest.

The defendant admitted the correctness of the items charged to him, and pleaded payment.  The defendant also filed a cross-action on an account for goods sold to the plaintiff, from July 23, 1949, to May 3, 1950, in the amount of $657.95.

The case was tried before a judge of the Civil Court of Fulton County without a jury.  The defendant introduced canceled checks drawn to the plaintiff's order, amounting to $12,006.80, which he testified were given in payment for the plaintiff's services on the account sued on, and which overpaid the account.  The plaintiff objected to the admission of the checks dated "after the termination of the work," but all of the checks offered were admitted in evidence.  In support of his cross-action, the defendant introduced a sheet from his ledger showing his account with the plaintiff for plants and supplies sold to the plaintiff, and the defendant and his bookkeeper both testified that the entries on the ledger sheet were made when the plaintiff got the items there charged to him, and that the ledger sheet contained the original entries on said account.  The plaintiff testified that he received some of the goods set out in the defendant's cross-action; that he could not tell which of the items he did not receive because he could not read the account; and that the prices charged on the items which he received were not reasonable and not what he and the defendant had agreed upon.  For instance, Wood testified in part:  "On November 3 Mr. Johnson charged me with two azaleas at $4.50 apiece.  I recall getting those bushes.  I wouldn't say it was a fair price.  I can buy them for $3.50. . . I got two gardenias at $1.25 apiece. He told me a dollar apiece for the gardenias."  The plaintiff in

his testimony admitted that he had received quite a number of the other items set out in the defendant's cross-action, but denied the prices placed thereon by the defendant, although he admitted they had some value as stated in his testimony.

The trial judge found for the defendant, on the plaintiff's account, and found for the plaintiff on the defendant's cross-action. Both parties moved for a new trial on the general grounds, and the plaintiff added a special ground to his motion by amendment, complaining of the admission in evidence of the defendant's checks dated after July 14, 1949. Both motions were overruled, and to these judgments the parties except, the plaintiff in the main bill, and the defendant in the cross-bill of exceptions.

■ The plaintiff's account, according to his itemized statement, ran from May 8, 1948, to September 21, 1949. The defendant admitted the correctness of the charges or items of the account and filed a plea of payment, showing the dates and amounts of the payments. The plea of payment was supported by the evidence, consisting of canceled checks drawn by the defendant to the plaintiff's order in the total sum of $12,006.80, and the finding of the trial judge that the plaintiff's account of $11,768.55 had been paid was authorized. It was not error to admit in evidence the checks dated after July 14, 1949, and up to September 16, 1949, as the account sued on showed charges made up to September 21, 1949, and the final credit shown was for a payment made on July 23, 1949. The trial judge did not err in overruling the plaintiff's motion for a new trial.

■ The introduction in evidence of the original ledger sheet from the defendant's book of original entries of his account, with the testimony of the defendant and his bookkeeper in support thereof, made a prima facie case for the defendant on his cross-action. The plaintiff admitted in his testimony that he had received some of the items set out in the defendant's account, and while he claimed that the items were not worth the prices charged therefor and that the agreed prices were less than those charged, he nevertheless admitted that the items received by him were of some definite value. A finding for the defendant on his cross-action in some amount was demanded. *Belcher* v. *Grey,* 16 *Ga.* 208. The trial judge erred in overruling the defendant's motion for a new trial.

*Judgment affirmed on the main bill of exceptions, case number 33534, and reversed on the cross-bill, case number 33559.· Felton and Worrill, JJ., concur.*